May it please the Court. Jeff Posseff on behalf of the plaintiff's appellant, Dennis Lamar James, Jr. Summary judgment was inappropriately granted in this case, even just based on the evidence that's currently in the record. Two Hayward police officers beat my client with their hands, struck him with a baton, tased him, and struck him with a baton. I wonder if you could speak a little closer to the mic. I'm sorry, Your Honor. That was so much better. Thank you. Two Hayward police officers beat my client with their hands, struck him with a baton, tased him, and inflicted injuries that required him to be sent to the hospital in an ambulance. Less than one year before that, two other Hayward police officers arrested my client, beat him, and in the underlying criminal case that ensued from that incident, the State district – the State trial court granted the motion to suppress on Fourth Amendment grounds. So on that record alone, summary judgment was inappropriate because there was a genuine issue of material fact at the very least, and there was – there were legal issues that were not clear as to whether the defendant should have received summary judgment. But if you were to disagree with that conclusion, the procedures in this case were so fundamentally unfair to my client, a pro se prisoner litigant, that summary judgment also should be reversed. Now, the most important and the most prejudicial error is the fact that my client, despite his best efforts to inform the district court of his repeated changes of address, never received the October 3, 2011 certificate or order of service. Now, what's so vital about that is that order of service served as the entire procedural law of the case. It set the discovery rules. It served as the initial case management order. It set all of the summary judgment briefing deadline. But didn't he get all of that material on the second go-around after he was released? My client – there's no evidence on the record that my client ever received the order of – the discovery rules. Well, what was missing? What did he get, then, that – The – in the record, there's nothing that shows what he actually did receive. And what the record does show is that he definitively – and this makes this a fairly extraordinary case – that my client never actually received the October 3 order, which is the only document that contains all of these discovery rules, all of these I'm saying that my client was no longer in custody. Let me ask you why it matters if, in December, there's no dispute that he did get the motion for summary judgment. Is that right? Well, Your Honor, I think that's an open question for a number of reasons. First, in terms of the certificate of service that the defendant, the appellee say was filed, there are a number of flaws with that. And if I could briefly just go through them. Does your client claim he never got the summary judgment motion from December? In this record, my client says – does not address that fact in the record because he never filed anything on that. In the notice of appeal, what my client says is that he never received the order of service setting the deadlines. As to whether – So this is really my – set aside October 3. Sure. And I credit the explanation because of these – this little crossover of the dates of his address change, which he did give the court. My question is really twofold. Number one, are you disputing that he received the December motion for summary judgment? And if so, since he was out of incarceration at that time, why does the October 3 matter? Yes. I'm disputing that for – for a few reasons. First, I'm disputing whether he received it. And second, I'm disputing whether that December motion was sufficient to fulfill all of the requirements under Rand. And if I could go to – Why would – why do you need a Rand requirement when he's no longer incarcerated under the law of the circuit? Well, that's – that's a good question that's not entirely answered by the record because he did have a change of address after – before the motion for summary judgment was filed. He did change his address to a P.O. box. What's unclear from the record in the case is whether that P.O. box – whether he actually was living outside of prison, whether he was receiving mail while he was in prison. There is that line. But he was released. There's no question he was not in prison. Well, he – he was at a P.O. box, so most – yes. So, I mean, there was – Well, the mailing address was a P.O. box. Yes. Presumably he didn't live inside the box. Exactly. You're not telling us that. No. No, exactly. But the – when he was incarcerated was when he filed the amended complaint, when he received the October 3rd order of service, and more than a month before the district court issued its summary judgment. I feel like we're kind of in this, like, Mobius strip loop where we've not landed on anything. Let's just take one. December 8th, 2011. Yes. Your client was not incarcerated on that date. Is that correct? My – my client was – was registered for a P.O. box, and he said in a previous order that he was on parole. I can – Okay.  The reason I'm being hesitant is because I don't know with certainty where he was going. Well, he said the record reflexity was no longer incarcerated. Correct? Most likely, yes. I – but, again, I just – You have no counter showing to that. Yes. Correct. Well, let's see. So he's no longer incarcerated in December. Yes. We've now established that. In December, the summary judgment motion is served. It does include this RAND notice. But since he's no longer incarcerated in December, you don't need a RAND notice, correct? Well, the RAND notice actually does need to be filed. You mean because he's no longer incarcerated? Correct. Correct. If he's no longer incarcerated. Okay. So if he's no longer incarcerated, which there's no evidence that he was incarcerated in December, then the RAND issue kind of flies out of the case, doesn't it? If he's no longer incarcerated, yes. Okay. But, again, the true failing in this, again, is the fact he was incarcerated when the order of service was sent. He had no idea that the order of service was even being issued. Every other litigant in this case knew that there was a three-month discovery timeline. That was the amount of time they could gather affidavits, that they could prepare oppositions. Everyone except my client, who was being transferred between two different institutions, that is the real failing here. Because even, let's say even if he, assuming he did receive this December, this December motion, he still would have lost two full months while mostly in prison of being able to gather information, which is a very. He didn't respond to that motion, correct? He did not respond to the motion. Because if he had responded, he could have said to the judge, hey, I need some time. I can't just have this motion and not have any opportunity to go interview or take depositions or do whatever I need to do. Yes. So it's not the failing of the October filing. It's the failing of the failure to respond in any way to December that put him in this situation, isn't it? I think that there, if he did receive that notice. And I mean, one thing I would like to clarify about the RAND rule is I'm not entirely the RAND doesn't really, I've not seen any RAND cases that address the unique situation of someone who has been in prison when the litigation starts. Counsel, we just got a 28-J letter from your opposing counsel, and he cites to Jacobson. Have you had a chance to look at Jacobson? I've seen it cited. I have not had a chance to look at it. I believe that, and I know there's a rule that a pro se litigant who is not in prison does not have a RAND notice, does not have the right to receive a RAND notice. I think it's a different issue of whether someone who's in prison when the litigation starts and then is on parole for a few months and then is back in prison, I think that's more of an open question about whether RAND applies there. And I think that that would make that distinguishable from other cases where someone's not been in prison at all. So moving forward on to the merits of the case, I think that. You have less than a minute left, counsel. Okay. I'd like to reserve for rebuttal, then. Very well. Thanks. We'll hear from the city. Mr. Jacobson. May it please the Court. Joe Brick, Assistant City Attorney for the City of Hayward, for the appellees. The appellant, James, failed to file an opposition, as we discussed here today, thereby waiving all his arguments as to the merits. Therefore, I'll begin by discussing the procedural issues raised. Could you speak up a little bit? I can't hear you. We have the same problem. The record reflects that James received the RAND notice twice, first in the city's MSJ and then, secondly, in the county's motion for summary judgment. I didn't hear the first part. When was it, the first time? With the city's motion for summary judgment on December 8th. On December 8th, did you say? All right. Very well. Correct. However. And when was the second time? Also December 8th in the county of Alameda's motion for summary judgment. Both notices contained a full RAND notice. Right. But if you were still incarcerated, that wouldn't make any difference. I mean, RAND says you can't include it in your motion. You have to include it separately. Right. I mean, that was the whole point of RAND, basically. The State said, hey, we gave notice, and we said in RAND that's not sufficient. Well, RAND stated that the notice could be provided by the moving party. If it's a separate document, not within the briefs. It was within a separate notice document of the motion for summary judgment. It wasn't contained within the actual text of the points and authorities. Would you cite to the record to support that statement? I have difficulty informing that to my recollection. The record at page 55, and again at 129 and then 178 for the county. However, under Jacobson, the RAND notice wouldn't have been required because the appellant was not a prisoner at any relevant time. What's the evidence that he was not in prison? Your opposing counsel seems to suggest that that's not entirely clear. The evidence is located at page 247 in the record. 247, a notice of change of address. Yes. The difficulty with the record, it seems to me, is this. We have the notice that he was going to change. We know he was out on parole for a time, then he was back in prison, right? Right. That's correct. But do we know the precise dates of any of those? We know that, yes. County prison to state prison on October 7th, 2011. That's at 247. Right. Then we know that he changed his address. Right. Have I missed something in the record? Is there something that shows the actual release date, an official document, as opposed to this notice of change of address? There's not an official notice. What you have to do is refer to the copies of the envelopes and see where they're mailed from. Whether they're mailed from Dublin, California, that would be the county jail, or whether they're mailed from state prison. Your counsel suggested that somewhere in the record he stated he was on parole at this time. Do you know where that reference is? Page 203 to 206. I didn't hear that, counsel. I'm sorry. The record at 203 and 206. 203 and 206? That's the only information in the record regarding when he was actually released and became a pro se non-prisoner. Your counsel also, opposing counsel also pointed out that in the opening brief that there's no certificate of service accompanying the motion in December, so it's unclear whether he actually got the motion for summary judgment that we're talking about. What evidence do you have that he actually received that or that it was properly served? Yeah. To address that issue, Your Honor, the motion for summary judgment deadline in the scheduling order was December 9th. The city filed and served the motion for summary judgment on December 8th. That's evidenced on page 55 of the record. Is that the certificate of service? The proof of service was the proof of service, yes. That was filed on December 9th. So, therefore, it was timely because the court's deadline was December 9th. Moreover, it was discretionary under Federal Rule Civil Procedure 5D1, which gives a reasonable time to file a proof of service, and Local Rule 5-5B, which states that the court may disregard a proof of service if it's untimely filed if there's an objection. There was no objection and it was timely filed. Moreover, it would be harmless error under Rule 61 as the date the proof of service was filed would not have affected James' substantive rights. If I may address the Rule 16 scheduling order, there was no clear error in the court's service to the scheduling order on October 3rd. At the time the order was served, which the service was complete upon mailing, the address was correct for Appellant James. At the record, pages 247 and 280, you can see that at the time of the deposit of the clerk's notice, James was currently in that county jail. Could I ask you to switch gears, because I don't want to let your time go without me asking you about the 2009 incident and whether, in fact, the State court finding on suppression would be considered in collateral estoppel? Because let's say that there was no Wran notice required, so we now are here on an appeal from that point. It seems that the Ninth Circuit case has been called into question by later California court of appeals cases and that, in fact, the cases say that prefile rulings in criminal cases in California can be used for collateral estoppel effect. So I would appreciate your comments on that. In California, the motion to suppress evidence can be used for collateral estoppel if the motion for some or if the 1538 motion is denied. There's no case cited in the record that a motion, a 1538 motion which is granted, would have any preclusive effect. So you're saying it's a one-way ratchet? It is. And what's your support for that? My support for that is the California Supreme Court's decision in Tittlebaum 1st, which addressed the preclusive effect of a criminal trial on a subsequent civil trial and discussed the reasoning discussed that the differing burdens between the criminal trial and the civil trial allowed a safeguard to prevent any injustice from the criminal defendant. Now, here, the differing burdens of proof on a warrantless search-and-seizure motion would be, and the later civil action are different. The criminal action, the burden is on the prosecutor without a warrant to prove that there was not a Fourth Amendment violation. However, in the civil action, the burden is on the plaintiff to prove that there was a Fourth Amendment violation. Therefore, Tittlebaum 1st's discussion regarding the burden of proof and the protections it would provide a criminal defendant. In fact, this particular plaintiff already passed that burden. I mean, in other words, the State court made a finding, did it not? The State court made a finding that the prosecutor did not meet his or her burden of proof to show that there was no Fourth Amendment violation. And what is the burden of proof on the motion to suppress? That would be 51 percent. Preponderance. Preponderance of the evidence. And what's the burden of proof in a civil case such as a civil rights case? Preponderance of the evidence. However, it's on the plaintiff, not the prosecutor. So it's the opposite. And I see that my time is up. If I could just make one concluding remark. Finding that the 1538 motion, the grant of a 1538 motion precludes a later civil defendant from arguing the reasonableness under the Fourth Amendment would deprive them of the defense of qualified immunity, because it's possible that a prosecutor would fail to meet their burden, yet there not be a Fourth Amendment violation, and then be barred in the subsequent civil action from arguing the reasonableness of their conduct. Thank you. Thank you, counsel. Your time has expired. Mr. Koseff, you have about a minute left. Thank you, Your Honors. Just to briefly address the issue of whether he was on parole and whether and just sort of the timing of everything, I would agree with Judge Thomas that there's not – there isn't anything definitively in the record that says when he was actually released from jail, if at all, where he was released. Well, does that matter if he tells us he's being released on parole and then he issues his change of address notice from a post office box in Oakland, which is not the prison? Well, I would point to Record 247, and that's what he – there were plans to go on parole. Let me see the exact – plaintiff has 30 days left and then will be released back on parole. It's on – I know just from – often that doesn't happen. Their timelines change. There's nothing in the record that says he was actually – But he also refers to pages 203 and 206. Yes. And the – there's a – again, there's a – At that point, he's no longer in prison. Well, and there's a PO box. And at least in my experience, I mean, I agree that that could suggest that he's no longer in prison, but it also could suggest that someone else is receiving his mail for him. There's nothing definitive in here that says where he is. He's currently, in this case, in a psychiatric hospital. That's his mailing address in this case. So I really – I would be cautious to infer too much from where he's living based on his notices. All right. Thank you, counsel. Your time is expired. Thank you. Thank you, Your Honor. The case just argued will be submitted for decision, and we will hear argument next in Zhao v. Holder.
judges: O'scannlain, Thomas, McKeown